# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                                  Case Number: 09 CR 03071 WJ

ABRAHAM BOBADILLA-CAMPOS and
BIANCA SANCHEZ-CABALLERO,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR *JAMES* HEARING

THIS MATTER comes before the Court upon Defendant's Motion for *James* hearing, filed August 22, 2011 **(Doc. 77).** Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

Rule 801(d)(2)(E) of the Federal Rules of Evidence does permit the admission of non-testimonial statements by co-conspirators, but the admissibility of such statements should be determined through a pretrial hearing. *See U.S. v. James*, 590 F.2d 575 (5th Cir. 1979). At such a hearing, in order to permit the admission of co-conspirator statements, the Court must determine whether: (1) a conspiracy has been shown by a preponderance of the evidence; (2) the declarant and the defendant were members of that conspiracy; and (3) the statements were made "in the course and furtherance of the conspiracy." *U.S. v. Johnson*, 4 F.3d 904, 914 (10th Cir.1993).

Defendant contends that a *James* hearing is necessary before admitting any of the statements made by co-Defendant Bobadilla-Campos, who has entered a plea in this case. These

statements were made to law enforcement officials or investigators, and may be inculpatory to Defendant.  The Government opposes the hearing on the grounds that because it does not intend to seek admission of these statements for the truth of the matter asserted, the statements are not hearsay, and thus do not require a determination that they fall under a hearsay exception.  The Government lists these statements as statements by Bobadilla-Campos that:

- he was driving from Victorville, California to Amarillo, Texas;
- he was planning on visiting his friend Mario Carillo in Amarillo for 1-2 days;
- Defendant was his girlfriend; (4) that he had been dating Defendant for 1-2 years;
- Mario was married; and
- Mario's phone number was in his phone under the name Camilla. N

Ths Court agrees with the Government's position on this motion.  These statements would not be offered for their truth; if anything, their significance lies in their *falsity*, which formed the stated basis for the detaining officer's suspicions during the stop leading him to take further investigative steps.  Therefore, because these statements are not considered hearsay to begin with, a hearing to determine whether they fall under a hearsay exception is unnecessary.  Defendant's motion is therefore DENIED.

**SO ORDERED**.

UNITED STATES DISTRICT JUDGE