**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                                                Case Number: 09 CR 03071 WJ

ABRAHAM BOBADILLA-CAMPOS and
BIANCA SANCHEZ-CABALLERO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION IN LIMINE (DOC. 79)**

THIS MATTER comes before the Court upon Defendant's Motion in Limine to Preserve Right to Jury Trial, filed August 22, 2011 **(Doc. 79)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

Defendant seeks to permit the jury to be informed of the mandatory sentencing provisions triggered by the indicted charges in this matter, based on what Defendant considers to be the Constitutional Framers' intent in fashioning the present jury system, namely, allowing jury nullification to safeguard liberty. However, the Court finds unequivocally that Defendant's request is foreclosed under controlling case law and Tenth Circuit Pattern Jury Instructions.[1]

---

[1] *See, e.g.* Tenth Circuit Pattern Instr. § 1.01 (Prel. Instr. Before Trial) ("At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed."); § 1.04 (stating that it iis the jury's duty "to base [its] verdict solely upon the evidence, without prejudice or sympathy"; § 1.20 (instructing the jury that "[i]f [it] find[s] the defendant guilty, it will be [the Court's] duty to decide what the punishment will be. [It] should not discuss or consider the possible punishment in any way while deciding [its] verdict.").

The Tenth Circuit has considered, and rejected, defendant's contention, stating, "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (*citing United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997)(observing that "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.")); *see also United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal."); *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) ("[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties").   Other circuits have the same rule.[2]

There is also no merit to Defendant's argument that these Tenth Circuit cases were implicitly overturned by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Jones v. United States*, 526 U.S. 227 (1999). These cases were concerned  with the issue of judicial fact finding in the sentencing context, the

---

[2] *See, e.g.*, *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995) (declining defendant's request to inform the jury regarding the defendant's punishment); *United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) (noting "[t]he jury must reach its verdict without considering possible sentences");*United States v. Trujillo*, 714, F.2d 102, 106 (11th Cir. 1983) (holding that "defense counsel may not argue jury nullification during closing argument."); *United States v. O'Brien*, 609 F.2d 895, 897 (8th Cir. 1979) (observing "[t]he matter of assessing penalty is exclusively within the province of the court, and the jury's sole purpose is to determine the facts and thereby the guilt or innocence of the defendant"); *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966) (noting that "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment.").

scope of judicial fact finding, and cannot fairly be read to be sympathetic to the prospect of allowing jury nullification. For example, Defendant suggests that *Jones* considers jury nullfication to be a "proper" role of a jury in criminal cases. *See* Doc. 79 at 3. However, *Jones* does not say this at all. The Supreme Court in *Jones* emphasized the importance of not removing the control by the jury over fact-finding. 526 U.S. 227, 248, 119 S.Ct. 1215, 1226 (1999)("diminishment of the jury's significance by removing control over facts determining a statutory sentencing range would resonate with the claims of earlier controversies, to raise a genuine Sixth Amendment issue not yet settled").

Defendant cites to cases which acknowledge the existence of jury nullification in our legal system, but none of these cases actually encourage or wholeheartedly approve its use. For example, Defendant cites to a District of Columbia case in order to promote jury nullification as a proper jury function ("there can be no doubt that the jury has 'an unreviewable and unreversible power' . . . to acquit in disregard of the instructions on the law given by the trial judge."). *U.S. v. Dougherty*, 473 F.2d 1113, 1139 (C.A.D.C., 1972) (Brazelon, J., concurring in part and dissenting in part). However, the majority in that case refused to give a nullification instruction and instead concluded that:

> To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable. Toleration of such conduct would not be democratic, as appellants claim, but inevitably anarchic.

*Dougherty*, 473 F.2d at 1133-113. Jury nullification affects the integrity of the judicial process. While Defendant campaigns for its application in this case to her advantage, it is also a possibility that jury nullification can work against a defendant. *U.S. v. Greer*, 620 F.2d 1383,

1385 (10th Cir. 1980) ("[I]f the jury is convinced that a defendant will receive a light sentence, it may be tempted to convict on weaker evidence.").

Defendant candidly admits that her intent in informing the jury of the statutory penalties is to invoke sympathy and invite jury nullification.  Such a request undermines case law precedent in this circuit, this circuit's pattern instructions, and the weight of case law from other circuits.  The fact that jury nullification is not a reason to encourage it. *See U.S. v. Polouizzi*, 564 F.3d 142, 162-63 (2nd Cir. 2009) ("Although jurors have the capacity to nullify, it is not the proper role of courts to encourage nullification.").  Accordingly, Defendant's motion is DENIED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE